### ALBERT M. TRAVIS CO. v. HEINER, Internal Revenue Collector.

(District Court, W. D. Pennsylvania. April 25, 1924.)

No. 2907.

Internal revenue ⚙═9—Dealer in produce held "broker," under statute requiring payment of tax.

A corporation engaged in business of receiving farm produce on consignment for sale on commission, receiving such produce and advancing necessary charges, and thereafter selling it in its own name, receiving proceeds, and transmitting amount to consignors, was a "broker," within Revenue Act 1921, § 1001 (1), being Comp. St. Ann. Supp. 1923, § 5980o, requiring brokers to pay $50 tax.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Broker.]

At Law. Action by the Albert M. Travis Company against D. B. Heiner, Collector of Internal Revenue. Judgment for defendant.

Calvert, Thompson & Wilson, of Pittsburgh, Pa., for plaintiff.
Walter Lyon, U. S. Atty., and Warren H. Van Kirk, Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

Before THOMSON and SCHOONMAKER, District Judges.

PER CURIAM. The action is one to recover the sum of $50 paid by the plaintiff under protest as a special tax levied and collected by the virtue of subparagraph (1) of section 1001 of the Revenue Act of 1921 (42 Stat. 227, 295 [Comp. St. Ann. Supp. 1923, § 5980o]) for the period of one year beginning July 1, 1922, and ending June 30, 1923.

In the first instance, an affidavit of defense was filed, raising a question of law. By consent of the parties, this was withdrawn, a jury

trial was waived, and the case proceeded to trial before the court without a jury, as though an affidavit of defense had been filed, generally denying the facts set forth in the plaintiff's statement of claim. From the proofs offered, the court finds the following facts:

The plaintiff is a Pennsylvania corporation, having its place of business at No. 207 Twenty-First street, Pittsburgh, Pa. During the fiscal year beginning July 1, 1922, and ending June 30, 1923, it was engaged in the business of receiving farm produce on consignment for sale on commission.

In all transactions in which produce was consigned to the plaintiff for sale on commission, it received such goods into its possession and advanced all necessary charges thereon, such as freight, and thereafter the plaintiff sold the same in its own name, not the name of another, and received the proceeds of the sale, transmitting to the consignor the proceeds received by it, less the amount paid by the plaintiff for such charges and the plaintiff's commission.

It appears that the plaintiff's method of doing business is to solicit prospective buyers to attend at the railroad yards or the plaintiff's place of business, where the prospective buyers inspect the produce, and then a sale may be effected as the result of bargaining between the plaintiff and the prospective buyer.

Pursuant to section 1001 (1) of the Revenue Act of 1921, which provides, inter alia:

"Brokers shall pay $50. Every person whose business it is to negotiate purchases or sales of stocks, bonds, exchange, bullion, coined money, bank notes, promissory notes, other securities, produce or merchandise, for others, shall be regarded as a broker."

The plaintiff filed with the defendant a broker's special tax return for the fiscal year ending June 30, 1923, and paid, under protest, the $50 tax assessable against brokers. A claim for refund was duly filed by the plaintiff, which was rejected by the Commissioner of Internal Revenue on January 9, 1923.

The plaintiff contends that it is not a broker within the purview of section 1001 (1) of the Revenue Act of 1921, and therefore not liable to this tax. There is no warrant for this contention. The plaintiff corporation is plainly a broker within the definition of this act. Congress has defined in the statute a broker to be a person "whose business it is to negotiate purchases or sales of * * * produce or merchandise for others." The business conducted by the plaintiff comes clearly within that definition. The statute is perfectly plain. There is no ambiguity, and therefore there is nothing for the court to construe. There is no principle of law better established than that where Congress expressly defines words, that definition must govern the courts.

The precise question at issue here has been decided adversely to the plaintiff by the District Court of the United States for the Northern District of Illinois, Eastern Division, in an opinion filed by Judge Lindley, on or about March 10, 1924, in the case of Schweizer v. Mager, Collector, etc. (No. 34580) 297 Fed. 334. We concur in the views expressed in the very able and elaborate opinion of Judge Lindley.

The plaintiff has sought to convince us that Judge Lindley was wrong in his interpretation of the statute, in view of the legislative history of section 1001 of the Revenue Act of 1921; but there is no merit in plaintiff's argument on that point. Whatever may have been the legislative history of that section, the definition which Congress gave to the word "broker" in the act of 1921 is perfectly plain and must control.

Judgment, therefore, may be entered in favor of defendant and against the plaintiff, with costs.